Shauck, J.
We assume that upon the facts alleged in her petition Mrs. Cunningham would have been entitled to an order .setting off to her in lieu of homestead the property demanded, if she had made application therefor to the probate court. The power to make such order in a proper case is conferred upon that court by section 6348, Revised Statutes. Kuhn v. Nieberg, 40 Ohio St., 631.
Omitting to invoke the exercise of that power, she acquisced in the sale of the assigned property by the assignee, and the application of its proceeds to the payment of her debts. The judgment under consideration affirms her right, under such circumstances, to resort to the court of common pleas to recover from the assignee and his sureties the value of property so applied.
In Dwyer v. Garlough, 31 Ohio St., 158, it was held that an assignment for the benefit of creditors did not exclude the jurisdiction of the court of common pleas of a subsequent suit to foreclose a mortgage upon real estate embraced in the assignment, because the statute then in force did not .authorize the probate court to order the premises to be sold free of the inchoate dower of the wife of the mortgagor. The special jurisdiction which the probate court was exercising over the assigned property was not exclusive, because it was not adequate.
The reason for that decision has been regarded in subsequent legislation and 'adjudication. All *361 legislation affecting the jurisdiction of the probate court over assigned property has been with the view to its enlargement. The decisions of this court upon the subject sustain two propositions pertinent to this ease:
1. The filing of the deed of assignment and the qualification of the assignee confer upon the pro-, bate court jurisdiction of all the assigned property.
2. The jurisdiction so conferred is exclusive in all respects in which it is adequate. Sayler v. Simpson, 45 Ohio St., 141; Havens et al. v. Horton Jr., 342, ante.
The authority of the probate court to determine Mrs. Cunningham’s right to the exemption was ample, and the court of common pleas was without original jurisdiction.

Judgments of the circuit and common pleas courts reversed, demurrer sustained and petition dismissed.